

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-16-2008

# Aprilanto v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3279

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Aprilanto v. Atty Gen USA" (2008). *2008 Decisions.* Paper 1216.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1216

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-3279
_____

BAMBANG APRILANTO,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A96-204-391 )
Immigration Judge:  Honorable Charles M. Honeyman

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 23, 2008
Before: MCKEE, NYGAARD and ROTH, <u>Circuit</u> <u>Judges</u>

Opinion filed: May 16, 2008
_____

OPINION
_____

PER CURIAM

Bambang Aprilanto petitions for review of a final order of removal issued by the

Board of Immigration Appeals ("BIA").  For the reasons that follow, we will deny the

1

petition.

Petitioner, a Christian and native and citizen of Indonesia, entered the United States on October 26, 2000, as a B-2 non-immigrant visitor and was authorized to remain temporarily within the United States until November 25, 2000. On July 21, 2003, Petitioner was issued a Notice to Appear, which alleged that he was in the country without authorization. In response, he applied for asylum, withholding of removal, relief under the Convention Against Torture ("CAT"), and voluntary departure.

In denying his claims on March 24, 2006, the Immigration Judge ("IJ") concluded that Petitioner's asylum application was untimely and that Petitioner had neither demonstrated that he had suffered past persecution nor that he had a well-founded fear of future persecution. The IJ further found that Petitioner had not satisfied the requirements for withholding of removal pursuant to § 241(b)(3)(A) or under the CAT. The IJ granted his application for voluntary departure. On June 28, 2007, the Board of Immigration Appeals ("BIA") affirmed the IJ's decision.

We have jurisdiction to review the final order of removal. 8 U.S.C. § 1252(a)(1). Because the BIA issued a decision on the merits, we review only the BIA's, not the IJ's, decision. Gao v. Ashcroft, 299 F.3d 266, 271 (3d Cir. 2002). We will sustain the BIA's determinations if they are supported by substantial evidence in the record. Adbille v. Ashcroft, 242 F.3d 477, 483 (3d Cir. 2001). Under the substantial evidence standard, we will uphold the determinations of the BIA "unless the evidence not only supports a

2

contrary conclusion, but compels it." Id. at 483-84.

Petitioner, in his brief, states that the sole issue before this Court is "the IJ's adverse credibility determination." (Petr.'s Br. 10.) As stated, we review only the BIA's, not the IJ's decision. See Gao, 299 F.3d at 271. It is clear that the BIA's decision, which repeatedly referred to and cited Petitioner's testimony, was a decision on the merits without reference to the adverse credibility of the Petitioner. Because Petitioner's brief to this Court makes no mention of the BIA's decision on the merits, and refers solely to the IJ's opinion, he has waived appellate review of the BIA's decision. See e.g., In re Surrick 338 F.3d 224, 237 (3d Cir. 2003) (holding that the "failure to identify or argue [an] issue in [Petitioner's] opening brief constitutes waiver of [the] argument on appeal.").

For the foregoing reasons, we will deny Petitioner's petition for review.